OPINION
{¶ 1} Defendant pled guilty pursuant to a negotiated plea agreement to one count of possessing cocaine, a felony of the fifth degree, and also entered an Alford guilty plea to one count of gross sexual imposition, a felony of the fourth degree. Defendant's reason for pleading guilty to the sex offense despite his claim of innocence affirmatively appears in the record. In exchange for Defendant's guilty pleas, other pending charges against him were dismissed. The trial court sentenced Defendant to concurrent terms of three years of community control sanctions for each offense. The court specified that if Defendant violated his community control sanctions the court would impose concurrent prison terms of eleven months for possessing cocaine and seventeen months for gross sexual imposition.
 {¶ 2} On September 5, 2003, a hearing was held on alleged violations of Defendant's community control sanctions. Defendant admitted that he had tested positive for cocaine on a visit to his probation officer on August 12, 2003. The trial court found that Defendant violated his community control sanction and sentenced him to concurrent prison terms of eleven months for possession of cocaine and seventeen months for gross sexual imposition. The court stated that the shortest prison sentence was not being imposed because that would demean the seriousness of the offense and would not adequately protect the public.
 {¶ 3} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision on the merits.
 {¶ 4} Defendant's probation officer alleged that Defendant had violated his community control sanctions by (1) failing to attend the sex offender treatment program on two occasions, (2) reporting to his probation officer on August 12, 2003, in an intoxicated state, and (3) testing positive for cocaine during his visit to his probation officer on August 12, 2003. In his Anders brief, appellate counsel notes that the terms of Defendant's community control sanctions required him to successfully complete a substance abuse program and a sexual offender treatment program, but they did not impose any specific time limits for completing those programs. Additionally, the terms of Defendant's community control sanction did not specifically prohibit him from consuming alcohol.
 {¶ 5} Appellate counsel claims that one potential issue for appeal is that, even though Defendant failed to appear for two sex offender counseling sessions, he could still arguably complete that treatment program in which case there would not be any violation of his community control. Another potential issue is that Defendant did not violate the terms of his community control by reporting to his probation officer in an intoxicated state when he was not specifically prohibited from consuming alcohol. Both of these possible arguments lack arguable merit.
 {¶ 6} First, they ignore the fact that Defendant's conduct clearly demonstrates a lack of good faith effort in complying with the trial court's orders that he successfully complete substance abuse and sex offender treatment programs. More importantly, as Defendant's appellate counsel points out, Defendant's admission at the revocation hearing that he violated his community control by testing positive for cocaine during his August 12, 2003 visit to his probation officer clearly establishes the violation of his community control sanction and renders moot any error involved in the other violations the court found.
 {¶ 7} In order to impose a felony sentence greater than the minimum upon an offender who has not previously served a prison term, the trial court must make on the record one or more of the alternative findings set out in R.C. 2929.14(B). State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. At the community control violation/sentencing hearing in this case, the trial court stated: "Shortest term is not imposed because it demeans the seriousness of the offense and does not adequately protect the public." Accordingly, the trial court complied with R.C. 2929.14(B) by recording both of the statutory reasons for exceeding the minimum term that could be imposed in this case. Comer, supra. Furthermore, the sentences imposed by the court are within the permissible range for felonies of the fifth and fourth degree, and are not the maximum available sentences. R.C. 2929.14(A)(4) and (5). There is no issue regarding Defendant's sentences that has arguable merit.
 {¶ 8} In addition to the potential errors raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Brogan, P.J. and Young, J., concur.